UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TREMAYNE TALISON,                                       Case No. 2:04-CV-125

    Petitioner,                                        Hon. Richard Alan Enslen

v.

TERRY SHERMAN,
                                             **OPINION**

    Respondent.                  /

    This matter is before the Court on Petitioner Tremanyne Talison's Objection to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of March 13, 2007 ("Report"), which recommends denying the petition for writ of habeas corpus . This Court reviews the Report, Petitioner's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Petitioner was convicted by a jury of assault with intent to rob while armed on September 18, 2000 and was sentenced to 240 to 480 months imprisonment as a fourth habitual offender. Petitioner appealed his conviction to the Michigan Court of Appeals and argued the same two issues that are raised in his application for habeas relief. The Michigan Court of Appeals rejected all of Petitioner's arguments and affirmed his conviction in an unpublished opinion on April 23, 2002. Petitioner sought leave to appeal to the Michigan Supreme Court on the same grounds, which was denied on March 11, 2003, for the reason that it was not persuaded that the questions presented should be reviewed.

    Petitioner raises two objections to the Report: (1) the Magistrate Judge's finding that the Michigan Court of Appeals did not unreasonably apply federal law in considering if Petitioner's counsel rendered constitutionally deficient performance when he failed to present evidence of

Petitioner's limp and stutter; and (2) Petitioner renews his other three claims of ineffective assistance of counsel based on suggestive in-court identification, failure to request an expert on eyewitness testimony, and the cumulative effects of these deficiencies. Petitioner also claims that prosecutorial misconduct in his case was not harmless.

Petitioner contends the Magistrate Judge erred in concluding the Michigan Court of Appeals did not unreasonably apply federal law in considering if Petitioner's counsel rendered a constitutionally defective performance by failing to present evidence of Petitioner's limp and stutter. Petitioner argues this was constitutionally deficient because the complainant stated he heard the perpetrator speak and witnesses saw the perpetrator walking slowly away. Petitioner concludes that evidence of the limp and stutter could have exonerated Petitioner.

In order to show ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced Petitioner so as to result in an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Further, Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689 (citations omitted).

After review, the Court finds that the Michigan Court of Appeals did not unreasonably apply *Strickland* in considering if Petitioner's counsel rendered constitutionally deficient performance. Specifically, Petitioner again fails to appreciate that any questioning on these issues could have just as likely indicated that he was the perpetrator. The complainant testified he thought it was odd the

assailant had only spoken eight words and witnesses testified the assailant walked away very slowly. No one testified the perpetrator did not have a stutter or that he had a normal gait. Therefore, Petitioner has failed to overcome the presumption that this was valid trial strategy. Accordingly, the Michigan Court of Appeals did not unreasonably apply *Strickland* in finding his counsel's performance effective. Further, to the extent Petitioner argues his counsel was ineffective for failing to investigate whether the witnesses saw a limp or heard a stutter, this argument also fails. Petitioner has not shown any reason or evidence that an investigation would have yielded negative answers to the question of whether the perpetrator had a limp or a stutter, he merely assumes that result. Therefore, Petitioner has not evidenced there was any effect on the judgment and this objection is denied. *See Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner further objects to the Magistrate Judge's finding that the denial of his other claims of ineffective assistance of counsel were not contrary to established federal law and renews his previous arguments. Petitioner also renews his argument that the Michigan Court of Appeals unreasonably applied federal law in concluding the prosecutorial misconduct which occurred was not harmless error. After careful review of the record, this Court finds all of Petitioner's arguments were addressed fully and correctly in the Report and therefore, there is no need for further duplicative analysis. Accordingly, the Court will adopt the Report's analysis and conclusions.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall

issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

Therefore, for the reasons stated in the Report and this Opinion, the Court will deny Petitioner's Objection, adopt the Report and Recommendation, and deny Petitioner's Petition for Writ of Habeas Corpus. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
May 4, 2007  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE